**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JOSE SANCHEZ-MALDONADO,
*aka* Tiburon,

    Defendant.

No. CR04-4055-MWB

**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S § 2255 MOTION**

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A. Charges And Plea* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *B. Sentencing* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    *C. The § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    *A. Standards For Relief Pursuant to § 2255* . . . . . . . . . . . . . . . . . . . 4
    *B. Preliminary Matters* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    *C. Actual Innocence* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    *D. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . . 10
        1.    *Applicable Standards* . . . . . . . . . . . . . . . . . . . . . . . . . . 10
        2.    *Ineffective assistance regarding guilty plea* . . . . . . . . . . . 13
        3.    *Ineffective assistance in failing to file appeal* . . . . . . . . . . 15
    *E. Additional Claims* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
    *F. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## I. INTRODUCTION AND BACKGROUND

This matter comes before the court pursuant to defendant Jose Sanchez-Maldonado's April 11, 2005 *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody (docket no. 116) ("Motion"). Sanchez-Maldonado's primary claim is that he was prejudiced by counsel's advice to plead guilty because he claims that he had no knowledge that the boxes he delivered contained drugs. Sanchez-Maldonado therefore claims that there was no factual basis for the charge. The government denies that Sanchez-Maldonado is entitled to any relief on this claim. Sanchez-Maldonado also asserts, by checking a list of boxes on a motion form, but providing no additional supporting facts, that his conviction was obtained by the use of a coerced confession, that his conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant, and that his conviction was obtained by a violation of the protection against double jeopardy.

### A. Charges And Plea

On May 5, 2004, Jose Sanchez-Maldonado was charged by a one-count indictment (docket no. 1), with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. On August 25, 2004, Sanchez-Maldonado appeared by consent before Chief United States Magistrate Judge Paul A. Zoss to plead guilty to the charge in the indictment. Sanchez-Maldonado's plea of guilty was not pursuant to a plea agreement. On the same date, Judge Zoss filed a Report and Recommendation (docket no. 66), in which he recommended that Sanchez-Maldonado's guilty plea be accepted. No

objections to Judge Zoss's Report and Recommendation were filed. On October 4, 2004, the court accepted, Judge Zoss's Report and Recommendation, thus, accepting the Sanchez-Maldonado's guilty plea.

### B. Sentencing

Sanchez-Maldonado was sentenced on January 5, 2005 to a term of 70 months. (docket no. 102). At sentencing Sanchez-Maldonado received a three point reduction for substantial assistance and although contested by the government, the court found Sanchez-Maldonado to be safety-valve eligible. Since the mandatory minimum sentence of 120 months was rendered inapplicable by the finding of safety-valve eligibility, the guideline range for Sanchez-Maldonado's sentence was 70 to 87 months. Thus, Sanchez-Maldonado's sentence was at the bottom of the guideline range.

### C. The § 2255 Motion

Sanchez-Maldonado did not appeal his sentence or his conviction. Instead, on April 14, 2005, Sanchez-Maldonado filed his *pro se* Motion (docket no. 116), now before the court. In support of his Motion, Sanchez-Maldonado primarily asserts that his conviction was obtained by a plea of guilty which was unlawfully induced or was not made voluntarily or with understanding of the nature of the charge and the consequences of the plea. Sanchez-Maldonado claims that he was prejudiced by counsel's advice to plead guilty because he asserts that he had no knowledge that the boxes he delivered contained drugs. Motion at 6. He explained the supporting facts briefly, as follows.

> When I delivered the box I did not know what was in it but my lawyer told me to plead guilty without evidence…. The agents that interviewed me asked me where the drug was

3

> to which I answered that I didn't know what drug they were
> asking me for, I didn't have any drugs with me.

Motion at 7(a).

By order(docket no. 127),dated September 19, 2007, the court directed Sanchez-Maldonado to file a brief in support of his motion on or before October 31, 2007, and ordered the government to file a reply brief on or before November 30, 2007. On November 28, 2007, the court extended the briefing deadlines, giving Sanchez-Maldonado until December 31, 2007 to file his brief and extending the government's time to file a response brief toJanuary 25, 2008. Sanchez-Maldonado filed his *pro se* brief on December 28, 2007 (docket no. 132). The Government filed a response on January 22, 2008 (docket no. 134), with an affidavit signed by trial counsel attached thereto.

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant to § 2255

Turning to the legal analysis of Sanchez-Maldonado's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the

Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn

5

quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Sanchez-Maldonado's claims for § 2255 relief.

### B. Preliminary Matters

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006)(quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted). In this case, the court concludes that no evidentiary hearing is required on any issue, because the record "conclusively show[s] that [Sanchez-Maldonado] is entitled to no relief" on his claim of ineffective assistance of counsel. 28 U.S.C. § 2255.

### C. Actual Innocence

Sanchez-Maldonado's allegations may be construed to be a claim that he was actually innocent of the charge and that his counsel was ineffective for telling him to plead guilty; Sanchez-Maldonado claims that he did not know what was in the box that he was delivering and that he would never have pled guilty but for the erroneous advice of his counsel.

The court initially notes that there is a difference between a "gateway claim" and a "freestanding claim" of actual innocence. *See House v. Bell*, 547 U.S. 518, 126 S. Ct. 2064,165 L.Ed.2d 1 (2006). The gateway claim of actual innocence, as previously recognized by the Supreme Court, exists when a petitioner attempts to avoid a procedural bar that would otherwise preclude him or her from bringing other claims. *See Id.,* at 536-537; *Bousley*, 523 U.S. at 623. The claim of actual innocence serves as a gateway for the petitioner to argue his or her other claims before the Habeas court. *House*, 547 U.S. at 536-537, 126 S. Ct. at 2076-77. Thus, it is a complement to the "cause and prejudice"

standard that permits a petitioner to raise an otherwise procedurally barred claim. *See McNeal*, 249 F.3d at 749 ("A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise that claim in a Section 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence.").

A freestanding claim of actual innocence, on the other hand, is a petitioner's attempt to prove his or her innocence outright. *See House*, 547 U.S. at 554-55, 126 S. Ct. at 2086-87; *see also Herrera v.Collins*, 506 U.S. 390, 417, 113 S. Ct. 853 (1993)(recognizing the possibility of such a claim). A successful freestanding claim of actual innocence would render any procedural bar irrelevant.

A freestanding claim of actual innocence, however, has never been explicitly recognized by the Supreme Court. *See House*, 547 U.S. at 555 , 126 S. Ct. at 2087; *Baker v. Yates*, 2007 WL 2156072. The Supreme Court concluded, in *House*, "that whatever burden a hypothetical freestanding innocence claim would require, this petitioner has not satisfied it." *Id*. The Court further established that the standard for any freestanding innocence claim would be "'extraordinarily high.'" *Id*. (quoting *Herrera*, 506 U.S. at 417). While the Court did not further explain what an "'extraordinarily high'" standard would consist of, the Court did indicate that this standard would be higher than the standard for a successful gateway innocence claim. *Id*. ("The sequence of the Court's decisions in *Herrera* and *Schlup*- first leaving unresolved the status of freestanding claims and then establishing the gateway standard- implies at the least that *Herrera* requires more convincing proof of innocence than *Schlup*.").

While the standard for a gateway innocence claim is less demanding than its counterpart, it is still very strict. A petitioner "asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."

8

*Id*. at 536-537, 126 U.S. Ct. at 2076-77. Thus, first a petitioner must present "'new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence- that was not presented at trial.'" *Id*. at 537, 126 S. Ct. at 2077 (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L.E.2d 808 (1995)). Armed with such evidence a petitioner may then attempt to meet the "demanding" standard that "permits review only in the 'extraordinary' case." *Id*. at 537 (quoting *Schlup*, 513 U.S. at 327).

In this case, Sanchez-Maldonado has not specifically labeled his claim as either a freestanding or gateway claim, indeed, he has not specifically described it as an actual innocence claim at all. Nevertheless, in an abundance of caution, the court will assume the defendant has made both claims.

Sanchez-Maldonado has not presented any new evidence. *See House*, at 547 U.S. 537, 126 S. Ct. 2077 (requiring the petitioner to present new evidence). While the standard for a successful gateway claim of actual innocence requires "new reliable evidence…that was not presented at *trial,*", *Schlup*, 513 U.S. at 324 (emphasis added),and Sanchez-Maldonado never went to trial, the court believes that the same standard would apply in the context of a guilty plea. *See Bousley*, 523 U.S. at 623-24 (remanding case to the district court to evaluate defendant's claim of actual innocence even though he pleaded guilty). In this case, there was "evidence" admitted by the defendant at his plea hearing. *See Id*. at 624 n.3 (noting that the "factual innocence inquiry" in a guilty plea context is aided by the "proffers, recorded verbatim on the record, demonstrating a factual basis for the plea"). The only new evidence that defendant Sanchez-Maldonado has presented is in the form of alleged ineffective assistance of counsel, which the court will address later. This deficiency alone is enough to deny his claim when characterized as an actual innocence claim. *See House*, U.S. at, 126 S. Ct. at 2077.

9

Second, the existing record supports his conviction and contradicts his argument. The government charged Sanchez-Maldonado with knowingly and unlawfully, combining, conspiring, confederating and agreeing with other persons, known and unknown, to distribute 500 grams or more of a mixture of substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). At the plea hearing, Sanchez-Maldonado admitted that there was a conspiracy to distribute methamphetamine, that he was a member of that conspiracy, and that his role in the conspiracy was to deliver boxes containing illegal substances. Plea Tr. at p. 20-21. He also admitted that the business of the conspiracy was selling and delivering methamphetamine and that he was responsible for at least 500 grams of methamphetamine. Plea Tr. at p. 21-22. Sanchez-Maldonado has not provided evidence that would refute the admissions he made clearly supporting his conviction. The court is convinced that, based on the existing record, reasonable jurors could have found defendant Sanchez-Maldonado guilty. Therefore, the defendant has not made a successful showing to establish a gateway claim of actual innocence. *See Bousley*, 523 U.S. at 623-23 (noting "that 'actual innocence' means factual innocence, not mere legal insufficiency" (citing *Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S. Ct. 2514, 120 L. Ed. 2d 269 (1992)). As such, Sanchez-Maldonado has also failed to meet the higher standard required for a successful freestanding claim of actual innocence. To the extent that Sanchez-Maldonado's motion is construed to be a claim of actual innocence, it will be denied.

### D. Ineffective Assistance Of Counsel
#### 1. Applicable Standards

Sanchez-Maldonado asserts that his trial counsel provided him with ineffective assistance of counsel by convincing him to plead guilty after Sanchez-Maldonado claims

to have informed his attorney that he did not know what was in the boxes he was delivering. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not Sanchez-Maldonado is entitled to relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877

(8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). To demonstrate "prejudice" in the context of a guilty plea, Sanchez-Maldonado must establish that there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty but would have proceeded to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997).

### 2. *Ineffective assistance regarding guilty plea*

Sanchez-Maldonado claims that his trial counsel was ineffective because he advised Sanchez-Maldonado to plead guilty when Sanchez-Maldonado informed him that he did not have knowledge of the fact that the boxes he was delivering contained illegal drugs. "A guilty plea must represent the informed, self-determined choice of the defendant among practicable alternatives; a guilty plea cannot be a conscious, informed, self-determined choice if the accused relies upon counsel who performed ineffectively in advising him" *Hawkman v. Parratt*, 661 F.2d 1161, 1170 (8th Cir. 1981) (citing to *United States ex rel. Healy v. Cannon*, 553 F.2d 1052, 1056 (7th Cir. 1977).

As discussed above, Sanchez-Maldonado's admissions during the plea hearing clearly refute his claim. Sanchez-Maldonado indicated that he understood what the Spanish

13

interpreter was saying during the plea proceeding. Plea Tr. p. 4. During the plea hearing, the court specifically addressed Sanchez-Maldonado's concern regarding whether or not there was a factual basis for the guilty plea and clarified that Sanchez-Maldonado understood the basis for his guilty plea. Sanchez-Maldonado indicated affirmatively that he understood that while he may not have been sure of specific quantities of drugs, he did not dispute that he was responsible for more than 500 grams of methamphetamine. Plea Tr. 24.

Further, it is clear that Sanchez-Maldonado's trial counsel discussed the issue of drug quantities with him. By affidavit, trial counsel indicates that although the controlled buy that Sanchez-Maldonado was directly involved with 456 grams of methamphetamine, he believed that a jury could find that the additional quantities involved in the over-all conspiracy, well over a total of 500 grams, were reasonably foreseeable to Sanchez-Maldonado. Affidavit, Paragraph 8. Further, trial counsel indicates that pleading to a quantity of 500 grams or more was a strategic decision made on the basis that trial counsel felt that Sanchez-Maldonado would receive a better sentence by cooperating and seeking safety valve protection rather than by going to trial and challenging drug quantity. Trial Counsel indicates that Sanchez-Maldonado fully understood and accepted this advice. Affidavit, Paragraphs 9-10. This decision clearly falls within the realm of sound trial strategy to which a presumption of soundness applies. *Rice*, 449 F.3d at 897 ("'Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'"). Sanchez-Maldonado cannot overcome that presumption. Sanchez-Maldonado benefitted by cooperating and pleading guilty to the charge by ultimately obtaining safety valve protection thereby reducing his sentence from the mandatory minimum of 120 months to 70 months imposed by the court. Therefore, Sanchez-Maldonado's claim fails on the "deficient performance" prong of the analysis.

Even if trial counsel's performance was "deficient," and the court finds that it was not, a defendant seeking Section 2255 relief must still show "prejudice." *Ledezma-Rodriquez*, 423 F.3d at 836; Davis, 423 F.3d at 877; *see also White*, 416 F.3d at 732 (also requiring proof of "prejudice" on an "ineffective assistance" claim based on deficient performance); *Lyons*, 403 F.3d at 594 (same). Since this matter arises in the context of a guilty plea, Sanchez-Maldonado must establish that there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty but would have proceeded to trial. *Hill*, at 57-59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). Sanchez-Maldonado does not state that he would have gone to trial had it not been for the advice of his counsel. Sanchez-Maldonado was given all of the relevant information and chose to plead guilty. Moreover, faced with a mandatory 120 month sentence, if convicted at trial, versus the 70 month sentence imposed pursuant to Sanchez-Maldonado's plea and cooperation, the court is not readily convinced that counsel's alleged deficiencies, if really deficient, "actually affected" the outcome of this case. *Pfan*, 409 F.3d at 939.

Under such circumstances, Sanchez-Maldonado's claim of ineffective assistance of counsel, based on counsel's advice to plead guilty, must fail. Although Sanchez-Maldonado also characterizes this claim as an *Apprendi* violation, in that his counsel made him plead guilty to a drug quantity greater than he believes the evidence would have supported, or a jury could have found, that is merely a recasting of his ineffective assistance claim, and therefore, fails on its merits.

### 3. *Ineffective assistance in failing to file appeal*

Additionally, Sanchez-Maldonado claims that he was denied the right to appeal. However, there is no evidence to support this claim. "Counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for purposes of section 2255." *Estes v. United States*, 883 F.2d 645, 648 (8th Cir. 1989).

Such a failure is considered to be prejudicial per se, so that the defendant is not required to show that a direct appeal would have been successful or even to suggest what issues may have been presented on appeal. *See Holloway v. United States*, 960 F.2d 1348, 1357 (8th Cir. 1992). As the Eighth Circuit Court of Appeals has reiterated, however, "'[a] bare assertion by the [movant] that [he] made a request is not by itself sufficient to support a grant of relief [under § 2255], if evidence that the fact-finder finds to be more credible indicates the contrary proposition.'" *Green v. United States*, 323 F.3d 1100, 1103 (8th Cir. 2003) (quoting *Barger*, 204 F.3d at 1182). Trial counsel, by affidavit, indicates that Sanchez-Maldonado did write a letter to him to inquire about an appeal, however, Sanchez-Maldonado did not do so until after his time to file an appeal had expired. Trial counsel indicates that he informed Sanchez-Maldonado that his time for appeal had expired, but that he may be able to file a § 2255 motion. Affidavit, Paragraphs 13-14. Further, the court clearly advised Sanchez-Maldonado of his appeal rights near the conclusion of his sentencing hearing. Therefore, there is no basis for relief on this claim.

### *E. Additional Claims*

Sanchez-Maldonado additionally claims that his conviction was obtained by use of a coerced confession, that his conviction was obtained by a violation of the privilege against self-incrimination, that his conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant and that his conviction was obtained by a violation of the protection against double jeopardy. Sanchez-Maldonado provides no supporting facts to support any of these claims. Sanchez Maldonado alleges no facts in support of his claim that his confession was coerced and specifically denied the presence or influence of any coercion during his plea hearing. Plea Tr. 24. Sanchez-Maldonado further alleges no facts that would support his allegation that

16

his Sixth amendment right against self incrimination was violated and alleges no specific evidence that the prosecution failed to disclose. Further, the record does not support a finding that his right of protection against double jeopardy was violated. Each of these claims, therefore, fails.

### F. Certificate Of Appealability

Denial of Sanchez-Maldonado's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claim therein. Whether or not a certificate of appealability should issue is controlled by 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing

required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Sanchez-Maldonado has not made a substantial showing of the denial of a constitutional right on his § 2255 claim. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Sanchez-Maldonado's claim debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Sanchez-Maldonado does not make the requisite showing to satisfy § 2253(c) on his claim for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

### III. CONCLUSION

Upon the foregoing, defendant Sanchez-Maldonado's *pro se* Motion Under 28 U.S.C. § 2255 (docket no. 116) is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 14th day of November, 2008.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA